## THE STATE OF KANSAS v. CLAUDE LEWIS.

No. 15,397. (90 Pac. 763.)

CRIMINAL LAW.—*Requisites of a Plea in Abatement.* The rule that it is essential that a plea in abatement shall be certain to every intent, and leave nothing to inference, applied.

Appeal from Allen district court; OSCAR FOUST, judge. Opinion filed June 8, 1907. Affirmed.

*Fred S. Jackson,* attorney-general, *John S. Dawson,* assistant attorney-general, and *Carl J. Peterson,* for The State; *W. H. Anderson,* of counsel.

*Ewing, Gard & Gard,* for appellant.

*Per Curiam:* The appellant was indicted by a grand jury and convicted of a violation of the prohibitory law, and in his appeal assigns as error that the court sustained a demurrer to his plea in abatement. The ruling upon the demurrer presents the only question for consideration. The plea alleged that "one Frank L. Travis, by himself and through one L. B. Pearson, and others whose names are to this affiant unknown, corruptly, unlawfully, and in violation of section 3819, General Statutes 1901, solicited, asked and sought to have himself placed upon the said grand jury for the purpose, as defendant verily believes, of indicting a certain class of alleged violators of law, to wit, persons charged with the violation of the prohibitory liquor laws." It was further alleged:

"And that upon the convening of court at the said term, when the said grand jurors appeared, the said court for good and sufficient cause, without fraud or corruption on his part, excused and discharged three of the said persons so appearing, and substituted three other persons, one of whom was the said Frank L. Travis. . . . Defendant further says that when said grand jury appeared in court, as aforesaid, the said Frank L. Travis was absent from the court-room,

51—77 KAN.

and that the court, pursuant to the solicitation of the said L. B. Pearson and of the said Frank L. Travis, sent for the said Frank L. Travis to appear and act as a grand juror, and upon his appearance appointed him as foreman of the said grand jury."

It was also alleged that Frank L. Travis was one of the signers of the petition for calling a grand jury.

It is one of the essential requirements of a plea in abatement that it shall be certain to every intent, and leave nothing to inference. (*The State v. Hewes,* 60 Kan. 765, 57 Pac. 959.) The first part of the plea expressly exonerates the court from any fraud or corruption. The last portion, however, leaves the facts uncertain and indefinite as to whether the court, when the name of Travis was suggested for the purpose of filling a vacancy in the grand jury, knew that any solicitation on the part of Travis himself had taken place. It is alleged that Travis was absent, and in the same paragraph it is said that the court, pursuant to the solicitation of Pearson and of Travis, sent for Travis and placed him upon the jury. If it were intended to allege that Travis at some other time solicited the court the plea should have so stated; if it were meant that he solicited the court by an agent or by some other person the plea should have said as much in plain words, and not have left these matters to inference. The inference from the allegation that the court acted without fraud or corruption must, of course, be taken against the pleader. The statute fixes the rule which controls this case. Section 79 of the code of criminal procedure is as follows:

"No plea in abatement or other objection shall be taken to any grand jury duly charged and sworn, for any alleged irregularity in their selection, unless such irregularity in the opinion of the court amounts to corruption, in which case such plea or objection shall be received." (Gen. Stat. 1901, § 5521.)

It is apparent that the demurrer was rightly sustained. The judgment is affirmed.